Journal Entry And Opinion
{¶ 1} This case came on for consideration upon the Motion to Dismiss Appeal filed by the appellee. For the following reasons, we find the motion well taken, and appellant's appeal is hereby dismissed.
 {¶ 2} On November 20, 2002 the appellant, State of Ohio, filed a notice of appeal to this court regarding the Juvenile Court's decision in a mandatory bind-over hearing held October 16, 17 and 18, 2001.
 {¶ 3} The State originally alleged that the appellee, the child who is the subject of the complaint, was a delinquent child because she purposely caused the death of another, an act which would constitute the crime of murder under R.C. 2903.02(A). The State subsequently amended the complaint to add a second count of murder, alleging that the death occurred while the appellee was committing the crime of felonious assault under R.C. 2903.02(B).
 {¶ 4} After hearing, the trial judge found that the State failed to show probable cause that the appellee committed murder under either applicable statute. The court did find, however, that there was probable cause that the appellee committed voluntary manslaughter, R.C. 2903.03. Therefore, the court ordered that the complaint be amended to reflect the same, and the case was continued for an amenability hearing under Juv.R. 30.
 {¶ 5} At the amenability hearing, held November 20, 2001, the prosecution withdrew its motion for discretionary bind-over and requested a continuance. The court denied that request based on the amount of time the child had been in the custody of the Juvenile Detention Center. The court proceeded with adjudication and the child admitted to the charges, as amended. The court then moved on to the dispositional hearing. The child was adjudicated delinquent and remanded to the custody of the Ohio Department of Youth Services for not less than three years.
 {¶ 6} In this case, the prosecution was unprepared to proceed with the amenability hearing on November 20, 2002. Instead, on that day, the child made known to the court her desire to admit to the amended charge of voluntary manslaughter. The Juvenile Court is vested with broad discretion in the adjudication of delinquency proceedings, including the granting or denial of a motion for continuance. State v. Burke (1995),73 Ohio St.3d 399; In re Gearhart (June 26, 1984), Franklin App. No. 83AP-878, 83AP-879. We will not usurp the power of the Juvenile Court to control its own docket by mandating otherwise.
 {¶ 7} More importantly, the double jeopardy clause of the U.S. Constitution applies to delinquency cases. Illinois v. Vitale (1980),447 U.S. 410. Whether the juvenile court should or should not have granted the prosecution a continuance at the November 20, 2002 hearing, jeopardy attached when the court proceeded with the adjudication. The child may not now be tried as an adult for the same crime for which she has already been adjudicated delinquent. In re Cline, 2002-Ohio-271; seeBreed v. Jones (1975), 421 U.S. 519; State v. Turner (May 3, 1979), Cuyahoga App. No. 39951. Any appeal of the probable cause findings made in the mandatory bind-over proceedings now would be moot.
 {¶ 8} Therefore, we find that the appellant's Motion for Leave to Appeal was improvidently granted by this court and the appellee's Motion to Dismiss Appeal is well taken.
Appeal Dismissed.
DIANE KARPINSKI, J., AND JOHN T. PATTON*, J., CONCUR.
* Sitting By Assignment: Judge John T. Patton, Retired, Of The Eighth District Court Of Appeals.